UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REGINALD WILLIAMS #94495                                     CIVIL ACTION

versus                                                       NO. 04-1889

DEPARTMENT OF CORRECTION                                     SECTION: "I" (3)

## ORDER AND REASONS

Petitioner, Reginald Williams, has filed a motion to reopen these federal *habeas corpus* proceedings.[1] That motion has been referred to the undersigned United States Magistrate Judge for determination.[2]

Petitioner is a state prisoner incarcerated at the Allen Correctional Center, Kinder, Louisiana. On April 24, 2001, he was convicted of second degree kidnapping in violation of La.Rev.Stat.Ann.

---

[1] Rec. Doc. 23.

[2] Rec. Doc. 24.

§ 14:44.1.[3]  The Louisiana Fourth Circuit Court of Appeal affirmed his conviction,[4] and the Louisiana Supreme Court denied his related writ application without assigning reasons.[5]

On June 24, 2004, petitioner filed this application for federal *habeas corpus* relief.[6]  The undersigned subsequently issued a report recommending that the application be granted.[7]  The state then filed an objection to that Report and Recommendation noting, *inter alia*, that the claim was unexhausted.[8]

In light of the state's objection, this Court reviewed the record and found that the state was correct.  Therefore, it was determined that petitioner's federal application was, at best, a mixed petition, and such petitions generally should be dismissed without prejudice.  Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998).  Accordingly, the original Report and Recommendation was withdrawn and vacated, and petitioner was ordered to inform the Court in writing whether he opposed dismissal of his federal application without prejudice for failure to exhaust state court remedies.[9]  Petitioner subsequently notified the court that he would prefer that these proceedings be

---

[3] State Rec., Vol. I of III , transcript of April 24, 2001, p. 49; State Rec., Vol. I of III, minute entry dated April 24, 2001.

[4] State v. Williams, 842 So.2d 1143 (La. App. 4th Cir. 2003) (No. 2002-KA-0260); State Rec., Vol. I of III.

[5] State v. Williams, 864 So.2d 625 (La. 2004) (No. 2003-K-1991); State Rec., Vol. I of III.

[6] Rec. Doc. 3.

[7] Rec. Doc. 13.

[8] Rec. Doc. 16.

[9] Rec. Doc. 17.

stayed while he attempted to exhaust his unexhausted claim in state court.[10]

In accordance with petitioner's stated desires, his motion to stay the proceedings was granted. Petitioner was ordered to return to the state courts within thirty (30) days to pursue his unexhausted claim. It was further ordered that the Court would retain jurisdiction in this matter and that petitioner would be allowed to file a motion to reopen these proceedings within thirty (30) days after exhausting his state court remedies with respect to that claim.[11]

The United States Fifth Circuit Court of Appeals has expressly held that a federal district court is not to grant relief, even on meritorious *habeas corpus* petitions, until the petitioner has exhausted his state court remedies. Mercadel v. Cain, 179 F.3d 271, 275-77 (5th Cir. 1999); see also Clark v. Johnson, No. 99-40083, 2001 WL 43561, *1 n.5 (5th Cir. Jan. 10, 2001). The state has made clear that it is unwilling to waive exhaustion in this case,[12] and this Court finds that petitioner's claim remains unexhausted.

The United States Supreme Court has held:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in *each appropriate state court* (including a state supreme court with powers of discretionary review), thereby alerting the court to the federal nature of the claim.

---

[10] Rec. Doc. 19.

[11] Rec. Doc. 22.

[12] Rec. Doc. 16.

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted) (emphasis added).  Although petitioner has now presented his claim to the Louisiana Supreme Court, he has done so improperly, in that he bypassed both the state district court and the intermediate court of appeal.

Louisiana law requires: "An application for post conviction relief shall be by written petition addressed *to the district court* for the parish in which petitioner was convicted." La.C.Cr.P. art. 926(A) (emphasis added).  However, rather than returning to the state district court, petitioner proceeded directly to the Louisiana Supreme Court to file a writ application asserting his unexhausted claim.  In denying that writ application, the Louisiana Supreme Court expressly cited La.C.Cr.P. art. 926(A).  State *ex rel.* Williams v. State, 951 So.2d 1096 (La. 2007).  When a petitioner bypasses the lower state courts and asserts a post-conviction claim in the first instance directly with the Louisiana Supreme Court, such a claim is not exhausted.  See Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999).

Because petitioner's claim remains unexhausted, he has not met the requirements this Court set forth for reopening.  Accordingly,

**IT IS ORDERED** that petitioner's motion to reopen these proceedings is **DENIED**.

**IT IS FURTHER ORDERED** that this action remain stayed but closed for statistical purposes.

**IT IS FURTHER ORDERED** that petitioner return to state court within thirty (30) days to pursue his unexhausted claim, if he has not already done so.

**IT IS FURTHER ORDERED** that the Court retain jurisdiction in this matter and that

petitioner be allowed to file a motion to reopen these proceedings within thirty (30) days after properly exhausting his state court remedies with respect to that claim.

If petitioner disagrees with this ruling, he may seek review of the decision by the United States District Judge pursuant to Local Rule 74.1.[13]

New Orleans, Louisiana, this ___9th___ day of May, 2007.

                                                              _____
                                                              **DANIEL E. KNOWLES, III**
                                                              **UNITED STATES MAGISTRATE JUDGE**

---

[13] Local Rule 74.1 provides:

> A motion to review a magistrate judge's order, or an Objection to the Proposed Findings and Recommendation of a Magistrate Judge acting as Special Master shall be made in the following manner:
> The moving party shall file the original and one copy of his/her motion or objection along with a memorandum of law in support thereof, and shall notice it for hearing in the manner provided in these rules for motions requiring a hearing. To expedite the preparation of written findings from the magistrate judge, the motion or objection shall contain a certificate verifying that a copy of the motion or objection has also been served upon the judge and magistrate judge at the time of filing.